UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Donald J. Weiss, Esq. (7619)
Law Office of Donald J. Weiss
Attorney for Plaintiff
363 Seventh Avenue, 4th Floor
New York, New York 10001
(212) 967-4440

-------------------------------------------------------------------

ANGELA DAREZZO,

          Plaintiff,

-against-

FLAVOR'S HOUSE INC. and 448 SECOND CORP.,

          Defendants.

-------------------------------------------------------------------

Case no. 19CV3326

## COMPLAINT

Plaintiff, ANGELA DAREZZO ("Plaintiff"), by and through her undersigned counsel, hereby files this Complaint and sues FLAVOR'S HOUSE INC. ("Flavor") and 448 SECOND CORP. (the "Owner"; with Flavor, collectively, "Defendants") for declaratory and injunctive relief, compensatory damages, statutory damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), the New York State Civil Rights Law, N.Y. Civ. Rights Law § 40 *et seq.* ("NYSCRL"), and the New York City Human Rights Law, New York City Administrative Code § 8-101 *et seq.* ("NYCHRL"), and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 *et seq.* This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the property at issue is located within the Southern District of New York and because all events giving rise to this lawsuit occurred in New York County, Southern District of New York.

3. Plaintiff is a resident of the State of New York.

4. Plaintiff is a qualified individual with a disability under the ADA, the NYSHRL, the NYSCRL, and the NYCHRL. Plaintiff has muscular dystrophy and utilizes a wheelchair for mobility.

5. The Owner owns the property known and designated as 449 2nd Avenue, New York, New York (hereinafter, the "Property").

6. Flavor owns and operates a self-described "take out restaurant" called Flavor House.

7. Upon information and belief, Flavor has a written agreement with the Owner permitting it to occupy the Property.

8. Flavor House is a "place of public accommodation" within the meaning of Title III of the ADA.

9. Defendants are obligated to comply with the ADA.

## COUNT I - VIOLATION OF TITLE III OF THE ADA

10. Plaintiff realleges and reavers the prior paragraphs of the complaint as if they were expressly restated herein.

11. Plaintiff lives in the area where the Property is located.

12. Plaintiff patronizes accessible shops and restaurants in the area where the Property is located, including the business located at the Property prior to occupancy by Flavor House.

13. Plaintiff was upset when she learned that the new tenant, Flavor House, had created

a new and inaccessible entrance, having removed the previously accessible entrance. Plaintiff saw that the inaccessible entrance remained when she last visited Flavor House on April 5, 2019.

14. Plaintiff personally observed and/or has been made aware of the inaccessible features of the Property, as discussed below.

15. Plaintiff is aware that if she were to try to enter Flavor House, she would be unable to access the goods and services therein due to the architectural barrier to her entry, which currently exists.

16. Plaintiff is deterred from entering Flavor House due to the architectural barriers hereinafter set forth.

17. The barriers discussed below are excluding Plaintiff from the equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at Flavor House.

18. Plaintiff plans to and will visit the Flavor House in the near future as a patron once the barriers to access alleged herein has been modified.

19. Upon information and belief, Defendants are in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.*, and the Property is not accessible, as more fully detailed below.

20. Defendants are required to remove architectural barriers to the physically disabled when such removal is readily achievable for a place of public accommodation that has existed prior to January 26, 1992, 28 CFR § 36.304(a). In the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26,1992, then the Defendants are required to ensure, to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use

wheelchairs, 28 CFR 36.402; and finally if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26,1993 as defined in 28 CFR 36.401 then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

21.     Alterations performed after March 15, 2012 must comply with the 2010 ADA Standards for Accessible Design (the "2010 Standards").

22.     Upon information and belief, the Property was altered to create a new entrance door in a new location sometime after September, 2016.

23.     Alterations to existing spaces undertaken under the 2010 Standards, must (unless exempted) comply its provisions unless compliance is technically infeasible (and, in that event, the alterations must comply with those requirements to the maximum extent feasible).

24.     An inspection of the Property was conducted and the following was noted, and the barriers identified as follows[1]:

The entrance opens inwards and sits over a rise of approximately 7 inches.

The following violations are noted at the entrance:

a.      The new entrance was not made accessible when the new storefront relocated the entrance door, in violation of 202.3.  202.3 requires that where existing elements or spaces are altered, each altered element or space shall comply with the applicable requirements of Chapter 2.

b.      202.3.1 prohibits a reduction in access. An alteration that decreases, or has the effect of decreasing, the accessibility of a building or facility below the requirements for new construction at the time of the alteration is prohibited, yet Defendants reduced access by removing

---

[1] All of the numerical citations refer to the 2010 Standards.

4

the accessible entrance to the previous occupant of the Property and installed an inaccessible entrance.

  c. Even if the plaintiff was assisted into the facility, there is no means of egress to exit in the event of an emergency as required by 207.1.

  d. In creating the new entrance, Defendants violated 210.1, 504.1, 504.6, 505.1, 505.10 and 505.2, as there are no railings, with extensions at the top and bottom, on both sides of the step to assist the disabled who are able to leave their chair for short distances.

  e. The failure to ramp the rise over ½ inch violates 303.1 and 303.4. No un-ramped change in level over ½ inch is permitted, in accordance with 303.

  f. Defendants created a rise within the maneuvering clearance at the door, in violation of 404, 404.1, 404.2 and 404.2.4, which require minimum maneuvering clearances at doorways. Changes in level are not allowed.

  Inside, there are two mats at the door, laying side by side. The counter where you pay is approximately 40 inches high. There is a cooler in front of the payment counter which creates a barrier for the Plaintiff to roll up close enough to the payment counter. There is an ATM machine in the rear which has a large floor fan in front of it, barring access by patrons in wheelchairs.

  The following barriers and violations are noted inside:

  g. In violation of 227 and 904, the payment counter is too high, and obstructed by a cooler, preventing Plaintiff from transacting business independently.

  h. A patron in a wheelchair is obstructed from reaching the ATM machine, in violation of 220, 811, 305 and 707.2

  i. The mats create maneuvering problems to people in wheelchairs, and violates 302, 403 and 403.2

25. Plaintiff continues to desire to visit the Property, but will continue to be unable to partake of the goods and services offered to the general public by Defendants until the foregoing barriers have been remediated.

26. Removal of the barriers to access located at the Property would provide Plaintiff with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at Flavor House.

27. Plaintiff has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. §12205.

### COUNT II - VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW (NEW YORK STATE EXECUTIVE LAW, §§ 296-297)

28. Plaintiff realleges and reavers the prior paragraphs of the complaint as if they were expressly restated herein.

29. As the owner, manager, lessee, and/or proprietor of a place of public accommodation within the jurisdiction of the State of New York, Defendants are obligated to comply with the provisions of the NYSHRL, N.Y. Exec. Law § 296(2).

30. N.Y. Exec. Law § 296(2) provides: "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, . . . because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

31. The conduct alleged herein discriminates against Plaintiff on account of her disability.

32. The conduct alleged herein violates the NYSHRL, N.Y. Exec. Law § 296(2).

33. Defendants have violated the NYSHRL by depriving Plaintiff of the full and equal enjoyment of the accommodations, advantages, facilities, and privileges offered at the Property.

34. Defendants have violated the NYSHRL by failing to remove the architectural barriers at the Property.

35. Upon information and belief, removal of the discriminatory barriers to access located at the Property is readily achievable, reasonably feasible, could be easily accomplished, and would not place an undue burden on Defendants.

36. Defendants' conduct has resulted in a cognizable injury to Plaintiff.

39. Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

37. As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYSHRL, Plaintiff has suffered mental anguish, inconvenience, emotional distress, frustration, anxiety, and humiliation.

38. Plaintiff prays for judgment for damages to pursuant to N.Y. Exec. Law § 297(4), and all other relief allowed by law.

### COUNT III - VIOLATION OF NEW YORK STATE CIVIL RIGHTS LAW
### (N.Y. Civ. Rights§§ 40-c and 40-d)

39. Plaintiff realleges and reavers the prior paragraphs of the complaint as if they were expressly restated herein.

40. As the owner, manager, lessee, and/or proprietor of a place of public accommodation within the jurisdiction of the State of New York, Defendants are obligated to

comply with the provisions of the NYSCRL, N.Y. Civ. Rights §40 *et seq*.

41. Plaintiff has complied with the notice requirements of N. Y. Civ. Rights section 40-d, as notice of this action was served upon the attorney general prior to or concurrently with the initiation of this suit.

42. Section 40 of the NYSCRL states that "All persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any places of public accommodations. . . ."

43. Section 40-c of the NYSCRL states that "[n]o person shall, because of . . . disability . . . be subjected to any discrimination in his or her civil rights . . . by any firm, corporation or institution. . . ."

44. The conduct alleged herein discriminates against Plaintiff on account of her disability.

45. The conduct alleged herein violates the NYSCRL.

46. Defendants have violated the NYSCRL by depriving Plaintiff of the full and equal enjoyment of the accommodations, advantages, facilities, and privileges offered by Defendants at the Property.

47. Defendants have violated the NYSCRL section 40-c, *inter alia*, by subjecting Plaintiff, as a person with a disability, to discrimination in her civil rights.

48. Defendants have further violated the NYSCRL by being in violation of the rights provided under the ADA and the New York State Human Rights Law, N.Y. Exec. Law §296.

49. Defendants' conduct has resulted in a cognizable injury to Plaintiff.

50. Plaintiff has been damaged and will continue to be damaged by this

discrimination as more fully set forth above.

51. Plaintiff prays for judgment pursuant to N.Y. Civ. Rights section 40-d, including statutory damages, and all other relief allowed by law.

### COUNT IV - VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW
### (New York City, N.Y., Code § 8-502)

52. Plaintiff realleges and reavers the prior paragraphs of the complaint as if they were expressly restated herein.

53. As the owner, manager, lessee, and/or proprietor of a place of public accommodation within the jurisdiction of the City of New York, Defendants are obligated to comply with the provisions of the NYCHRL, New York City, N.Y., Code § 8-107(4).

54. N.Y. Code § 8-107(4) provides: "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

55. The conduct alleged herein discriminates against Plaintiff on account of her disability.

56. The conduct alleged herein violates the NYCHRL, N.Y. Code § 8-107.

57. Defendants have violated the NYCHRL, N.Y. Code § 8-107(4) by depriving Plaintiff of the full and equal enjoyment of the accommodations, advantages, facilities, and privileges offered by Defendants at the Property.

58. Defendants have violated the NYCHRL, N.Y., Code § 8-107(4) by failing to remove the architectural barriers at the Property.

59. Defendants have violated the NYCHRL, N.Y. Code § 8-107 (17) because, upon information and belief, Defendants' policies or practices regarding the removal of architectural barriers at the Property have a disparate impact on persons with mobility related disabilities.

60. Defendants' conduct has resulted in a cognizable injury to Plaintiff.

61. Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

62. As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered mental anguish, inconvenience, emotional distress, frustration, anxiety, and humiliation.

63. Plaintiff prays for judgment pursuant to N.Y. Code § 8-502(a) for injunctive relief, for damages, and for all other relief allowed by law.

64. Plaintiff has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to N.Y. Code § 8-502(g).

WHEREFORE, Plaintiff demands judgment against Defendants, and requests the following relief:

A. That this Court declare that the Property owned, leased, and/or operated by Defendants is in violation of the ADA, the NYSHRL, the NYSCRL, and the NYCHRL;

B. That this Court enter an Order directing Defendants to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA and, more specifically, to remediate the discriminatory barriers detailed above including providing a permanent means of independent entry and egress for a wheelchair patron and providing an accessible service counter.

C. That this Court enter an Order awarding Plaintiff compensatory damages, as provided for under N.Y. Exec. Law § 297(4) and New York City, N.Y., Code § 8-502(a);

D. That this Court enter an Order awarding Plaintiff statutory damages, as provided for under N.Y. Civ. Rights section 40-d;

E. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Plaintiff, pursuant to 42 U.S.C. § 12205 and New York City, N.Y., Code § 8-502(g); and

F. That this Court award such other and further relief as it deems necessary, just and proper.

Dated: March 22, 2019

*Donald J. Weiss*

Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
363 Seventh Avenue
New York, New York 10001
(212) 967-4440